UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JUAN A. GONZALEZ JUANES, et al.,

Plaintiffs,

No. 8:10-CV-459 (ATB)

v.

MAREK LYZWINSKI, et al.,

Defendants.

MICHAEL R. WOLFORD, ESQ., for Plaintiffs
THOMAS W. PLIMPTON, ESQ., for Defendants

ANDREW T. BAXTER, U.S. Magistrate Judge

**MEMORANDUM-DECISION, ORDER, AND JUDGMENT**

Presently before this court is the defendants' motion under Fed. R. Civ. P. 60(b) for relief from this court's prior order enforcing a settlement agreement between the parties (Dkt. No. 69), plaintiffs' response in opposition (Dkt. No. 73), and defendants' reply (Dkt. No. 76). Defendants have resisted going forward with the September 2012 settlement agreement (Dkt. No. 53-2), based on recent objections to the settlement raised by Jose Luis Barriguete Hermosillo ("Barriguete"), co-owner, with plaintiff Juan A. Gonzalez Juanes ("Gonzalez"), of plaintiff Executive Express Aviation S.A. de C.V. ("EEA"). After several unsuccessful efforts to settle the dispute between the parties, in which separate counsel for Barriguete[1] was an informal participant, plaintiff

[1] Barriguete has never been a party to this action and his lawyer has not tried to enter an appearance on behalf of EEA or otherwise attempted to intervene in any formal way.

Gonzalez unilaterally agreed to indemnify defendant Marek Lyzwinski ("Lyzwinski") against any claims by Barriguete arising from defendants' execution of the settlement agreement. (Dkt. No. 83). Based on that agreement by plaintiff Gonzalez, and for the reasons set forth below, defendants' motion (Dkt. No. 69) for relief from the February 7, 2013 Order (Dkt. No. 58) enforcing the settlement agreement is denied. The court also orders that this case be administratively closed based on the settlement agreement between the parties, subject to re-opening within ninety (90) days, upon motion of a named party, if further intervention from the court with respect to the enforcement of the settlement agreement is required.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This diversity action arose from a failed commercial transaction involving the intended purchase and sale of a helicopter. Plaintiffs, representing the would-be purchaser(s), sued the defendants for the return of a $300,000 deposit paid by EAA, asserting claims of conversion, unjust enrichment, breach of contract, and breach of an implied covenant of good faith and fair dealing. (Am. Compl., Dkt. No. 21). The defendants/seller(s), in turn, filed a counterclaim, alleging that the plaintiffs breached the terms of agreements between the parties and failed to negotiate in good faith towards the consummation of the intended transaction. (Answer to Am. Compl. with Countercl. ¶¶ 47-54, Dkt. No. 22). The facts underlying this dispute, which occurred in 2008, are detailed in this court's June 22, 2012 Memorandum-Decision and Order (Dkt. No. 45 at 3-8) denying plaintiffs' Partial Motion for Summary Judgment, and will not be repeated here.

Plaintiff Gonzalez filed this action in April 2010, on his own behalf and on behalf of EEA, without naming EEA co-owner Barriguete as a plaintiff. During a deposition in January 2011, plaintiff Gonzalez testified that Mr. Barriguete had authorized Mr. Gonzalez to initiate the lawsuit, but that the two men had not spoken for several months because of disagreements regarding the operation of the business not related to the lawsuit. (Wolford Aff. ¶ 20, Dkt. No. 73 & Ex. 4, Dkt. No. 73-4). In response to defendants' written discovery demands, in September 2011, plaintiffs produced corporate records of EEA, in Spanish, representing that they showed Mr. Gonzalez and Mr. Barriguete were each 50% owners of the corporation and that, at an EEA board meeting, Mr. Gonzalez was named the sole administrator of the corporation in lieu of a Board of Directors. (Plimpton Affirm. ¶ 4, Dkt. No. 69-1 & Ex. 1., Dkt. No. 69-2 at 4-5).

In connection with the pending Rule 60(b) motion, plaintiffs provided partial translations and/or English summaries of the EEA corporate records. These records confirm that Mr. Gonzalez and Mr. Barriguete each became 50% co-owners of EEA following their purchase of the company on August 16, 2006, and establish that both initially had powers of attorney to commence litigation and pursue collections on behalf of the corporation. (Gonzalez Decl. ¶¶ 2, 4, Dkt. No. 73-5). The translation of an August 17, 2010 EEA board meeting indicates that Mr. Barriguete's position as a director and his power of attorney on behalf of EEA were terminated at that time, and that plaintiff Gonzalez was then named sole administrator of EEA, with the sole power of attorney for the corporation regarding disputes and collections. (Gonzalez Decl. ¶

5; LeBlanc Decl. ¶¶ 2-4, 9, Dkt. No. 73-8 & Ex. 1, Dkt. No. 73-10).

On the eve of trial in this matter, the parties negotiated a settlement, which was finalized in a written agreement in September 2012. In the Settlement Agreement and Release (Dkt. No. 53-2), defendants agreed to pay "Plaintiffs" (defined to include Mr. Gonzalez and the entity, EEA) a total sum of $210,000, $15,000 of which was paid immediately, with the balance secured by mortgages on two properties owned by individual defendant Lyzwinski. (Dkt. No. 53-2 at 2). If by July 30, 2013, defendants still owe plaintiffs $150,000, a deed to one of Mr. Lyzwinski's properties (at 29 Maine Road in Plattsburgh, New York), must be turned over to plaintiffs' attorney, who could then sell the property in satisfaction of $150,000 of defendants' obligations under the agreement. (Settlement Agr. ¶¶ 1, 2).[2] The deed, to be held in escrow by defendants' attorney prior to July 30, 2013, "will reflect a transfer to Plaintiff Juan A. Gonzalez Juanes as Grantee." (Settlement Agr. ¶ 1). The written agreement includes a comprehensive release, in favor of defendants, by all plaintiffs, as well as defendants' release of any claims against plaintiff. (Settlement Agr. ¶ 4).

Because of delays by Mr. Lyzwinski in executing and filing the two mortgages specified in the settlement agreement, plaintiffs filed a motion to enforce the agreement on January 4, 2013 (Dkt. No. 53), to which defendants responded (Dkt. No. 54). On February 7, 2013, the court entered an order enforcing the settlement

[2] If, by July 30, 2013, the defendants still owe the plaintiffs more than $30,000, plaintiffs may sell the property at 29 Maine Road, but would be required to remit funds to the defendants to the extent that the sales proceeds exceed the amounts due under the agreement. (Settlement Agr. ¶ 2). To the court's knowledge, defendants have not made any payments to plaintiffs beyond the initial $15,000 payment, which is being held in escrow by plaintiffs' attorney.

agreement and directing defendant Lyzwinksi to execute and file the two mortgages. (Dkt. No. 58).

On February 15, 2013, defense counsel wrote the court seeking additional time to file the subject mortgages, based on a terse February 11th e-mail from Mr. Barriguete, claiming that Mr. Gonzalez had been removed as a director of EEA and had no authority to represent the company with respect to the settlement agreement. (Dkt. No. 59). The court, the parties, and, to some extent, counsel for Mr. Barriguete thereafter engaged in a protracted, and ultimately unsuccessful effort to resolve the dispute regarding the settlement of this action, during which the issue of who controlled EAA at critical times was further explored. (Dkt. Nos. 59-68, 78-83).

There are some unresolved factual questions and significant issues as to the legality of Mr. Barriguete's efforts to regain control of EEA. However, assuming Mr. Barriguete successfully divested Mr. Gonzalez of his authority to act on behalf of EEA, he did not accomplish that any earlier than January 31, 2013, well after plaintiff Gonzalez finalized the settlement of this action on behalf of himself and EEA.

Brent L. Vannoy, Mr. Barriguete's attorney, alleges that his client's efforts to remove Mr. Gonzalez from the control of EEA began in 2010. (Plimpton Affirm. ¶ 7 & Ex. 2, Dkt. No. 69-3).[3] However, Attorney Vannoy concedes that EEA took no relevant corporate action until October 22, 2012, and January 7, 2013, when Mr.

---

[3] Defendants' attorney suggests that the struggle between Mr. Barriguete and plaintiff Gonzalez over the control of EEA may have affected the course of the transaction involving the helicopter that led to this lawsuit. (Plimpton Affirm. ¶¶ 11, 15). However, it is clear that the relevant events relating to the helicopter transaction all occurred in 2008, well before Mr. Barriguete allegedly began his efforts to divest Mr. Gonzalez of control of EEA.

Barriguete obtained court orders in Mexico which, Mr. Vannoy claims, effectively put Barriguete in control of EEA. (*Id*.). Plaintiffs presented an affidavit of Jacques Y. LeBlanc, an attorney familiar with the Mexican legal system and fluent in Spanish, who interpreted the two court orders and stated that they authorized Mr. Barriguete to hold shareholder meetings on November 22, 2012 and January 31, 2013, but did not put him in control of EEA. (LeBlanc Aff. ¶¶ 10-12, Dkt. No. 73-8).

It was clearly not until the EEA shareholder meeting that Mr. Barriguete purported to conduct on January 31, 2013, that the corporation took any concrete action to remove Mr. Gonzalez's authority to act on behalf of EEA. (Plimpton Affirm., Ex. 2 at 2; LeBlanc Aff., Ex. 3, Dkt. No. 73-11 at 1-3; Gonzalez Decl. ¶ 7). Attorney LeBlanc contends that this shareholder meeting, conducted without any representation of plaintiff Gonzalez or the 50% of EEA shares he owned, was not lawful. (LeBlanc Aff. ¶¶ 13-18). Plaintiff Gonzalez states that he was not aware of any efforts by Mr. Barriguete to revoke his authority to act on behalf of EEA between 2010 and 2013 and did not receive notice of the shareholder meetings Barriguete arranged. (Gonzalez Decl. ¶¶ 10-11). In any event, there is no persuasive evidence suggesting that plaintiff Gonzalez lacked the legal authority to settle this lawsuit on behalf of himself and EEA in September 2012.

## II. APPLICABLE LAW

Defendants argue that they are entitled to relief from this court's order enforcing the settlement agreement under Fed. R. Civ. P. 60(b) (1), (2), (3) and (6) based on surprise; newly discovered evidence; fraud, misrepresentation, or misconduct

by the opposing counsel; and "any other reason that justifies relief." (Plimpton Affirm. ¶ 2). Rule 60(b) sets forth the grounds on which a court, in its discretion, may rescind or amend a final judgment or order. It provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

The burden of proof under Rule 60(b) "is on the party seeking relief from judgment [.]" *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Generally, for a Rule 60(b) motion to prevail, a three-part test must be met. First, there must be "highly convincing" evidence supporting the motion. Second, the moving party must show good cause for failing to act sooner. Third, the moving party must show that granting the motion will not impose an undue hardship on the other party. *Dunn v. Kaladjian*, 279 F.R.D. 79, 83 (E.D.N.Y. 2011) (citations omitted). "When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits, . . . the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal." *Nemaizer v. Baker*, 793 F.2d at 63.

Although the defendants seeks relief under Rule 60(b)(1) based on "surprise," this claim is clearly based on "newly discovered evidence" from Barriguete and is

more appropriately addressed under Rule 60(b)(2). *See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004) ("Where a claim 'sounds very much like a claim regarding newly discovered evidence,' the claim is 'controlled by 60(b)(2)' and should not be labeled as if brought under . . . Rule 60(b)[(1)]"). To obtain relief under the "onerous standard" of Rule 60(b)(2),

> the movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*U.S. v. International Broth. of Teamsters*, 247 F.3d at 392.

"Under Rule 60(b)(3), a district court may relieve a party from a final judgment for 'fraud.' In addition, Rule 60(b) allows a court to set aside a judgment for fraud on the court." *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d at 176. "'[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations,' . . . and to prevail 'a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *Entral Group Intern., LLC v. 7 Day Café & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (citations omitted). Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, . . . when the judgment may work an extreme and undue hardship, . . . and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule. . . . " *Nemaizer v. Baker*, 793 F.2d at 63.

## III. ANALYSIS

The defendants have not met their burden of proof to produce "highly convincing" evidence demonstrating "exceptional circumstances" supporting their Rule 60(b) motion to vacate this court's prior order enforcing the settlement agreement between the parties. Even if Mr. Barriguete's efforts to divest plaintiff Gonzalez of his authority to act on behalf of EEA in late January 2013 prove to be legally effective, the defendants have offered no convincing evidence suggesting that Mr. Gonzalez lacked the authority to commence the lawsuit of behalf of EEA in 2010 or to enter into the settlement agreement in September 2012.

Nor have the defendants established that vacating the order enforcing the settlement agreement would not create an undue hardship for plaintiff Gonzalez, who remains a co-owner of EEA,[4] and who, without any assistance from Mr. Barriguete, successfully initiated, prosecuted, and settled this lawsuit at his own expense over a period of more than two years. (Gonzalez Aff. ¶ 6). Allowing defendants to take advantage of the recent dispute between the co-owners of EEA to unwind the settlement would prejudice the named plaintiffs by forcing them to resume expensive and time-consuming litigation.

Defendants will not be unfairly prejudiced by the enforcement of the settlement agreement which they voluntarily negotiated with plaintiffs in order to avoid an

[4] Although Mr. Barriguete attempted to dilute plaintiff Gonzalez's interest in EEA at the January 31, 2013 shareholder meeting, Mr. Gonzalez's substantial ownership stake in the corporation was not extinguished. (LeBlanc Aff. ¶ 18 & Ex. 3, Dkt. No. 73-11 at 1, 7 (resolution purported to reduce Gonzalez interest in EEA from 50% to 25%)).

imminent trial and the threat of greater liabilities. In the settlement agreement, EEA clearly releases the defendants from any claims and plaintiff Gonzalez has agreed to indemnify defendant Lyzwinski if Mr. Barriguete were to make any claims against that defendant for carrying through with the terms of the settlement agreement.[5]

To the extent the defendants move for relief under Rule 60(b) based on newly discovered evidence that plaintiff Gonzalez lacked the authority to act on behalf of EEA, they also fail to meet their substantial burden of proof. As early as January 2011, Mr. Gonzalez disclosed that he was having conflict with Mr. Barriguete regarding the operation of EEA. The records that plaintiff Gonzalez disclosed in response to defendants's subsequent discovery demands documented his claims of authority to bind EAA in connection with this lawsuit; he maintained that authority, at least through January 2013–well after he entered into the settlement agreement. The plaintiffs have offered no evidence rebutting plaintiff Gonzalez's representations that he was not aware of Mr. Barriguete's legal efforts to take over the control of EEA between 2010 and 2012. Defendants were free to follow up with respect to the disclosed rift between the co-owners of EEA, and their lack of diligence in failing to do so precludes them from belatedly seeking to escape the obligations that they freely assumed in the settlement agreement. The dispute between Mr. Gonzalez and Mr. Barriguete, which began no earlier than 2010, had no impact on the relevant events of 2008 or the merits of the claims against the defendants. If the defendants had learned

[5] Defendant Lyzwinski is the sole owner of corporate defendant, Southern Winds Aviation, LLC. (Am. Compl. ¶ 9, Dkt. No. 21; Answer to Am. Compl. ¶ 9, Dkt. No. 22).

more about Mr. Barriguete's recent efforts to regain control over EEA, that would likely not have changed the calculation that led defendants to settle on the terms on which they agreed.

Similarly, the defendants have no basis to attack the order enforcing the settlement agreement based on alleged fraud, misrepresentations, or misconduct by plaintiff Gonzalez. Defendants have not presented clear and convincing evidence of material misrepresentations by plaintiff Gonzalez that prevented them from fully and fairly presenting their case. As noted above, the defendants have not established that plaintiff Gonzalez misrepresented the nature of his relationship with Mr. Barriguete or the status of Mr. Gonzalez's authority to represent EEA in the lawsuit. And, Mr. Barriguete's efforts to regain corporate control of EEA in or after 2010 had no impact on the merits of the claims against the defendants; so a fuller understanding of those efforts would not have aided defendants in presenting their case.[6]

Plaintiffs have requested sanctions and attorney's fees relating to their earlier motion to enforce the settlement agreement (Dkt. No. 53), and their more recent efforts to oppose this Rule 60(b) motion. Defendant Lyzwinski clearly has not been timely with respect to his compliance with the terms of the agreement relating to the two properties in Plattsburgh, New York, that he pledged to secure defendants' promise to pay. Mr. Lyzwinski's earlier delays in executing the required mortgages

[6] As suggested in the discussion of the applicable law above, defendants may not rely on the catchall provision in Rule 60(b)(6) because enforcement of the settlement agreement will not work an extreme and undue hardship on defendants, for the reasons stated above, and because the asserted grounds for relief are recognized in the more specific clauses in subsections (b)(2) and (3) of the Rule.

were plausibly explained by logistical problems relating to his international travel. The more recent delays were reasonably motivated by defense counsel's concerns that the defendants would expose themselves to liability to Mr. Barriguete by complying with the terms of the settlement agreement negotiated by plaintiff Gonzalez. The court, at least tacitly, allowed the parties to maintain the status quo until the issue of who controlled EEA at the relevant times was resolved. Accordingly, the court will deny plaintiffs' motion for sanctions and attorney's fees relating to this motion and the earlier motion to enforce the settlement agreement. Defendant Lyzwinski is warned however, that any further delays in compliance with this order and the settlement agreement will expose him to possible sanctions and/or contempt findings.

It seems likely that Mr. Gonzalez and Mr. Barriguete may end up in litigation regarding the disposition of any further proceeds from the enforcement of the settlement agreement between the named plaintiffs and defendants. Any payments under the settlement agreement would be payable to EEA and Mr. Gonzalez, which would provide some protection for Mr. Barriguete, the co-owner of EEA, if he, in fact, currently controls that entity. To the extent the deed to Mr. Lyzwinski's property at 29 Maine Road in Plattsburgh, New York is tendered to plaintiffs' counsel under the agreement, the grantee will be plaintiff Gonzalez only. However, Mr. Barriguete has United States counsel and can pursue appropriate legal actions with respect to that property or the sale proceeds.

Any future legal battles between the co-owners of EEA are not, however, appropriately part of this action. This decision, enforcing the settlement agreement

between plaintiffs Gonzalez and EEA and the named defendants effectively terminates this litigation. While the settlement agreement (¶ 8, Dkt. No. 53-2 at 5) contemplates that I maintain jurisdiction as necessary to enforce any of the obligations undertaken in the agreement, it does not saddle this court with the burden of resolving the subsidiary disputes between the co-owners of the plaintiff Mexican corporation, particularly because Mr. Barriguete has never been a party to the action and made no effort to join it, while attempting to hijack the settlement. Accordingly, I will also order that this case be closed, subject to reopening, only as necessary to resolve any other disputes between the named parties regarding enforcement of the settlement agreement.

Accordingly, it is hereby

**ORDERED**, that defendants' motion under Fed. R. Civ. P. 60(b) (Dkt. No. 69) to vacate my February 7, 2013 Order enforcing the Settlement Agreement and Release in this action is **DENIED**, and it is further

**ORDERED**, that, upon receipt of an executed document by which plaintiff Gonzalez indemnifies defendant Lyzwinski from any claim that could be asserted against him by Jose Luis Barriguete Hermosillo for complying with the terms of the Settlement Agreement and Release (Dkt. No. 53-2), defendants shall comply with all of their obligations in that agreement, including, but not limited to, the obligations to file, within five (5) business days of receipt of the indemnification agreement, the two mortgages in favor of plaintiffs identified therein and to deliver, to plaintiffs' attorney of record, by August 7, 2013, the deed, in favor of plaintiff Gonzalez as grantee, to 29

Maine Road in Plattsburgh, New York, if defendants have failed to make the payments required in the agreement by July 30, 2013, and it is further

**ORDERED**, that defendants' application for sanctions and attorney's fees in connection with its earlier motion to enforce the settlement agreement (Dkt. No. 53) and the current Rule 60(b) motion is **DENIED**. HOWEVER, DEFENDANT MAREK LYZWINSKI IS HEREBY WARNED THAT FAILURE TO COMPLY WITH THIS ORDER AND THE SETTLEMENT AGREEMENT MAY RESULT IN THE IMPOSITION OF SANCTIONS AGAINST HIM AND/OR A FINDING OF CONTEMPT. And, it is further

**ORDERED**, that, based on the enforceable settlement agreement in effect in this case, this action is **DISMISSED** in its entirety without prejudice pursuant to the procedure set forth in N.D.N.Y.L.R. 68.2(a) of the Local Rules of this court. This judgment is issued without prejudice to the right of the named parties, by counsel of record, to secure reinstatement of the case within ninety (90) days after the date of this judgment by making a showing that doing so is necessary to enforce any of the obligations of the named parties undertaken in the Settlement Agreement and Release; and in the event that no request is made for reinstatement within ninety (90) days of the date of this judgment, the dismissal of this case shall thereafter be with prejudice; and it is further

**ORDERED** that the Clerk shall serve copies of this Memorandum-Decision, Order, and Judgment upon the attorneys for the named parties appearing in this action and on Brent L. Vannoy, Esq., 4 Houston Center, Suite 100, 1221 Lamar Street,

Houston, TX 77010, the attorney for non-party Jose Luis Barriguete Hermosillo.

**Date: July 12, 2013**

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**